

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 14, 1960

Mr. V. D. Housworth
Executive Secretary
State Board of Barber Examiners
Austin, Texas

Opinion No. WW-858

Re: Eligibility of an out
of state applicant for
a Texas Barber's License
to take another examina-
tion in Texas after fail-

Dear Mr. Housworth: ing two examinations.

We are in receipt of your letter requesting an
opinion from this office. In your letter you stated as
follows:

"Section 13 of the Texas Barber Law
provides that a barber from another state
must show that he has worked as a licensed
barber in another state for two years im-
mediately prior to making application for
the examination in this state.

"The out of state applicant is given
two opportunities to take the examination,
and failing both, it provides that he must
cease practicing in this State.

"We have always interpreted this part
of the law to mean that an out-of-state
applicant who fails the two examinations
must work in another state for two years
before he would be eligibile to take another
examination in Texas. This is the part of
the Law we want the opinion to cover."

Section 13, Article 734a, Vernon's Penal Code, reads
in part as follows:

"Any person who is at least sixteen
and one-half years of age, and who can
furnish evidence of good moral character

and temperate habits, and who has a diploma showing graduation from a seven-grade grammar school, or its equivalent as determined by an examination conducted by the Board, and either

". . .

"(b)  Who can prove by personal affidavit that he has practiced as a barber in another State for at least two years immediately prior to making application in this State, and who possesses the qualifications required by this Act, shall, upon payment of the required fee, be issued a permit to practice as a journeyman barber only until he is called by the Board of Barber Examiners to determine his fitness to receive a certificate of registration to practice barbering.  Should such applicant fail to pass the required examination he shall be allowed to practice as a journeyman barber until he is called by the Board for the next term of examination.  Should he fail at the examination he must cease to practice barbering in this state."  (Emphasis added).

The Legislature of the State of Texas in providing the qualifications which the Board of Barber Examiners are to enforce, provided for a type of reciprocity to cover those persons outside the State of Texas, who meet substantially equal standards and qualifications which the law provides for those within the State.

It is our opinion that Section 13, above quoted, is clear and to the point in providing that a person who seeks to obtain a Texas License to practice barbering in this State by qualifying under this Section of the Act and who twice fails his examination, can no longer practice barbering in Texas, at least until he requalifies.

Subsection (b) of Section 13 provides that to qualify as a journeyman, such person must have "for at least two years immediately prior to making application in this State" practiced as a barber.  His failing two examinations disqualifies him from obtaining a license, and he must cease to practice barbering in this State under this Section.  He cannot immediately reapply under this Section for he cannot meet the qualifications of said Section which provide that he must have practiced for two years in another State.

It is our opinion that such a person may qualify himself in order to take another examination by at least two methods.  The first is to meet those qualifications as provided in Section 7 of the Act which are the general qualifications that applicants must generally meet to obtain a license.  The second method would be to withdraw from the state and  requalify as a "journeyman" under Section 13 of this Act.

### SUMMARY

A person who seeks to come under the provisions of Section 13, Article 734a, Vernon's Penal Code, after failing once to obtain his license to practice barbering in Texas by failing the two examinations provided for by said statute, must withdraw from the state and practice for two years more outside of Texas to requalify for examination.

Yours very truly,

Leon F. Pesek
Assistant Attorney General

LFP:mm

APPROVED

OPINION COMMITTEE
W. V. Geppert, Chairman

Iola B. Wilcox
W. O. Shultz
Raymond V. Loftin, Jr.
Houghton Brownlee

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore